# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| GEORGE BANKS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case number 1:05cv0139 TCM |
| JOHN JORDON, UNKNOWN MAUGAHI, and UNKNOWN NURSES, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This 42 U.S.C. § 1983 action is before the Court on the renewed motions of plaintiff, George Banks, for appointment of counsel [Docs. 26, 31, 34, 37[1]]; on the motion of defendants "Unknown Nurses" to dismiss [Doc. 30]; and on the renewed motion of defendant John Jordan to dismiss for failure to respond to discovery requests [Doc. 36].

Plaintiff is proceeding in forma pauperis in this action. He alleges in his complaint that defendants are being deliberately indifferent to his serious medical needs and are denying him basic necessities, in violation of § 1983. In their motion, the "Unknown Nurses," Beth Kelly and Kristin Kaufman, argue that the claims against them should be dismissed because Plaintiff has failed to file the affidavit of a health care provider required by Mo.Rev.Stat. § 538.225. This is not, however, a state law cause of action to which § 538.225 is applicable. See **White v. Gammon**, 2005 WL 3079043, *3 (E.D. Mo. Nov. 16, 2005) (holding that affidavit requirement of § 538.225 "applies only to medical malpractice

---

[1]Document 37 is titled a motion to change venue. Plaintiff alleges in this motion that he wants a change of venue because he cannot find a lawyer in Cape Girardeau to represent him.

tort actions"). This is a § 1983 action alleging Plaintiff's constitutional rights as a pretrial detainee were violated by the nurses' deliberate indifference to his serious medical needs. See **Hartsfield v. Colburn**, 371 F.3d 454, 456-57 (8th Cir. 2004); **Ervin v. Busby**, 992 F.2d 147, 150 (8th Cir. 1993) (per curiam). The motion to dismiss will be denied.

Also pending before the Court are Plaintiff's various motions for appointment of counsel. As noted in the Court's previous order denying an earlier motion for appointment of counsel, considerations such as the complexity of the factual and legal issues and whether the plaintiff and the Court would benefit from the appointment of counsel guide the review of a motion for appointment of counsel. See **Plummer v. Grimes**, 87 F.3d 1032, 1033 (8th Cir. 1996); **Swope v. Cameron**, 73 F.3d 850, 852 (8th Cir. 1996); **Rayes v. Johnson**, 969 F.2d 700, 703 (8th Cir. 1992). Based on the inability of Plaintiff to respond to Defendants' discovery requests and the text of his repeated motions a review, the Court now finds that the appointment of counsel in this case only is appropriate.

Because counsel will be appointed to assist Plaintiff in discovery, defendant Jordan's renewed motion to dismiss will be denied without prejudice. A separate case management order shall issue this date setting forth deadlines for discovery and the filing of dispositive motions.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss for failure to file an affidavit is **DENIED**. [Doc. 30]

**IT IS FURTHER ORDERED** that the renewed motion to dismiss is **DENIED** without prejudice. [Doc. 36]

**IT IS FINALLY ORDERED** that the motion to appoint counsel is **GRANTED**. [Doc. 26] Robert S. Killen, Oliver and Oliver, 400 Broadway, P.O. Box 559, Cape Girardeau, MO., 63702 is appointed to represent Plaintiff in this matter. The Clerk of the Court shall provide Plaintiff's newly-appointed counsel with a complete copy of the court file at no cost.

**IT IS FINALLY ORDERED** that Plaintiff's remaining motions are **DENIED** as moot. [Docs. 33, 34, 37]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of August, 2006.